**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**Francesse Senat Dor,** Plaintiff,

v.

**TikTok Inc.; ByteDance Inc.; ByteDance Ltd.; TikTok Pte. Ltd.; TikTok Technology Ltd.; and Does 1-50,**

Defendants.

Case No. 3:26-cv-01195-SVN

## AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff Francesse Senat Dor brings this action arising from the loss of access to Plaintiff's TikTok account, disruption of Plaintiff's creator activities, alleged account-identity confusion, and alleged unauthorized use and association of Plaintiff's content, images, branding, and account identifiers.

2. Plaintiff created original content over several years under the Ayaha brand and maintained a substantial archive of original creative works.

3. Plaintiff alleges that account-access issues, account-recovery failures, identity confusion, and related platform problems interfered with Plaintiff's ability to manage accounts, communicate with followers, protect original content, and pursue creator opportunities.

## PARTIES

4. Plaintiff Francesse Senat Dor resides in Stamford, Connecticut.

5. Defendant TikTok Inc. operates or participates in operation of the TikTok social-media platform.

6. Defendant ByteDance Inc. is affiliated with TikTok operations.

7. Defendant ByteDance Ltd. is affiliated with TikTok operations.

8. Defendant TikTok Pte. Ltd. is affiliated with TikTok operations.

9. Defendant TikTok Technology Ltd. is affiliated with TikTok operations.

10. Plaintiff presently lacks knowledge of the identities of certain individuals who may have participated in conduct relating to account-access issues, account recovery, or account confusion and therefore sues such persons as Does 1-50.

**JURISDICTION AND VENUE**

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

12. Plaintiff is a citizen of Connecticut.

13. Defendants are citizens of states and countries other than Connecticut.

14. The amount in controversy exceeds $75,000 exclusive of interest and costs.

15. The amount in controversy exceeds $500,000 because Plaintiff alleges harm involving established social-media accounts, audience development, creator opportunities, affiliate opportunities, original-content assets, branding efforts, loss of account control, identity-related issues, and damages arising from years of content creation and audience development.

16. Venue is proper because Plaintiff resides in Connecticut and experienced the alleged harm in Connecticut.

**FACTUAL ALLEGATIONS**

**Plaintiff's Content and Account Ownership**

17. Plaintiff's original account was known as **@Ayaha456**. After losing access to that account, Plaintiff continued posting through **@Ayaha1111** and used hashtags and references identifying @Ayaha456 as Plaintiff's original account. During this period, Plaintiff observed multiple similarly named accounts appearing in search results, creating confusion regarding ownership, identity, and account authenticity.

18. Between approximately 2022 and 2025, Plaintiff created hundreds of original videos, photographs, captions, writings, visual works, and creative content.

19. Plaintiff maintained an archive containing more than 600 photographs, videos, screenshots, records, and related materials documenting account ownership, content creation, recovery efforts, and platform activity.

20. Plaintiff operated the TikTok account known as **@Ayaha456**.

21. Prior to the events described herein, the account accumulated thousands of followers, thousands of likes, and more than one hundred published posts.

22. Plaintiff used TikTok accounts, including @Ayaha456, to develop the Ayaha brand, publish original content, engage with audiences, and pursue creator and affiliate opportunities.

23. Prior to the loss of account access, Plaintiff was accepted into the RYZE Superfoods Affiliate Program and began the onboarding process for participation in that creator campaign.

24. Plaintiff alleges that account-access disruptions, identity-related issues, and loss of control over Plaintiff's established TikTok presence interfered with Plaintiff's ability to fully utilize creator opportunities and audience engagement activities.

25. Plaintiff further alleges that disruption of Plaintiff's social-media presence adversely affected branding efforts, promotional opportunities, affiliate activities, and creator-development initiatives.

**Loss of Account Access**

26. During 2025, Plaintiff lost access to @Ayaha456.

27. Plaintiff alleges that the account's associated email address and telephone number were changed without Plaintiff's authorization.

28. As a result, Plaintiff could no longer access, manage, or control the account.

29. Plaintiff repeatedly attempted to recover access through TikTok's available support and account-recovery channels.

**Recovery Requests**

30. On or about June 20, 2025, Plaintiff submitted a written recovery request identifying herself as the original owner of @Ayaha456.

31. Plaintiff requested restoration of access, reassignment of recovery credentials, removal of unauthorized contact information, and investigation of suspected account irregularities.

32. Plaintiff further reported concerns that account credentials and recovery mechanisms had been redirected without authorization.

33. Plaintiff continued submitting requests seeking investigation and restoration of access.

**Use of @Ayaha1111**

34. Following the loss of access to @Ayaha456, Plaintiff utilized the TikTok account @Ayaha1111 while attempting to recover the original account.

35. Plaintiff used @Ayaha1111 to continue content creation, preserve audience access, and document account-recovery efforts.

36. Plaintiff publicly identified @Ayaha456 as the original account associated with her content and creative works.

**FrancesseSenat955**

37. Plaintiff also operated a TikTok account identified as **FrancesseSenat955**. Plaintiff observed search results containing numerous variations of Plaintiff's name and account identifiers, including accounts using "Francesse," "Senat," and similar combinations. Plaintiff became concerned that these accounts and search results caused confusion regarding Plaintiff's identity and online presence.

38. Plaintiff observed search results containing numerous variations of Plaintiff's name and account identifiers.

39. Plaintiff became concerned that the existence of numerous similar usernames created confusion regarding account ownership, authorship, identity, and authenticity.

**Similar Accounts and Identity Confusion**

40. Plaintiff observed multiple accounts using variations of the names "Ayaha," "Ayaha456," "Ayaha1111," "Francesse," and "Senat."

41. Plaintiff observed search results displaying numerous substantially similar usernames.

42. Plaintiff became concerned that such accounts could create confusion regarding account ownership, authorship, identity, and authenticity.

43. Plaintiff reported concerns relating to account identity, ownership, recovery, and impersonation.

**Content and Image Concerns**

44. Plaintiff observed videos, photographs, captions, profile information, or other content that Plaintiff believed were associated with Plaintiff's identity, likeness, creative works, branding, or account history.

45. Plaintiff observed content appearing in connection with usernames and accounts that Plaintiff alleges she did not create, authorize, or control.

46. Plaintiff preserved screenshots documenting those observations.

47. Plaintiff continues to maintain an archive containing screenshots, profile captures, support communications, recovery requests, and related evidence.

**Creator and Business Harm**

48. Plaintiff alleges that loss of account access interfered with audience engagement, content management, creator activities, business promotion, and brand development.

49. Plaintiff alleges that account confusion and identity-related issues impaired Plaintiff's ability to maintain a consistent online presence.

50. Plaintiff alleges that substantial time and effort were spent attempting to recover accounts, preserve evidence, and investigate account-related issues.

51. In June 2025, Plaintiff was accepted into the RYZE Superfoods Affiliate Program and was invited to participate in a creator collaboration campaign.

52. Plaintiff accepted the collaboration opportunity and intended to use Plaintiff's TikTok presence and audience to participate in affiliate marketing, brand promotion, and creator-related activities.

**COUNT ONE**

**Negligence**

53. Plaintiff alleges that account-access disruptions, account-recovery failures, identity-related issues, account confusion, and loss of control over Plaintiff's established social-media presence adversely affected Plaintiff's ability to pursue creator, affiliate, promotional, and branding opportunities, including participation in the RYZE Superfoods Affiliate Program.

54. Plaintiff alleges that the loss of access to established accounts disrupted audience growth, content management, follower engagement, creator development, and business-related activities associated with the Ayaha brand.

55. Plaintiff incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

56. Defendants owed duties concerning account management, account recovery procedures, and preservation of account-access integrity.

57. Plaintiff alleges that Defendants failed to exercise reasonable care in the handling of account-access issues and recovery requests.

58. Plaintiff suffered damages as a result.

**COUNT TWO**

**Negligent Misrepresentation**

59. Plaintiff incorporates paragraphs 1 through 53.

60. Plaintiff alleges that representations and communications relating to account recovery, account ownership, and account access were inaccurate or misleading.

61. Plaintiff reasonably relied on such representations while attempting to recover access to the account.

62. Plaintiff suffered damages as a result.

63. Plaintiff's report was assigned Stamford Police Case Number **2609060031** and was subsequently forwarded to the Stamford Police Department Financial Crimes Unit for follow-up review.

64. Plaintiff continued to cooperate with law-enforcement inquiries and provided supporting materials concerning the issues described in this Complaint.

65. Plaintiff alleges that the acts and events described herein caused substantial personal, professional, reputational, creative, and economic harm.

## COUNT THREE

### Injunctive Relief

66. The amount in controversy exceeds $75,000 because Plaintiff alleges harm involving established social-media accounts, audience development, creator opportunities, affiliate opportunities, original-content assets, branding efforts, loss of account control, identity-related issues, and damages arising from years of content creation and audience development.

67. Plaintiff seeks appropriate equitable and injunctive relief concerning account ownership records, account recovery information, account-control records, account-access records, and related account-access issues.

## DAMAGES

68. Plaintiff invested substantial time and effort developing the Ayaha brand, original content library, creator presence, social-media audience, and related business opportunities.

69. Plaintiff's accounts accumulated thousands of followers, thousands of likes, and more than one hundred published posts.

70. Plaintiff maintained an archive containing more than 600 photographs, videos, screenshots, creator records, and other original works.

71. Plaintiff was accepted into the RYZE Superfoods Affiliate Program and accepted that creator collaboration opportunity.

72. Plaintiff alleges that account-access disruptions, identity-related issues, recovery failures, account confusion, and creator-related interference adversely affected audience development, branding activities, creator opportunities, and affiliate opportunities.

73. Plaintiff reported identity-related concerns to the Stamford Police Department, resulting in Police Report Case No. 2609060031 being forwarded to the Financial Crimes Unit for follow-up.

74. Plaintiff alleges substantial personal, professional, reputational, creative, and economic harm.

75. Plaintiff alleges that account-access problems, recovery issues, identity confusion, and disruption of creator activities caused damages exceeding $500,000, including harm to audience development, creator opportunities, affiliate opportunities, branding efforts, and business growth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory damages in excess of $500,000;

B. Award equitable and injunctive relief;

C. Award costs as permitted by law;

D. Grant such additional relief as the Court deems just and proper.

Respectfully submitted,

**Francesse Senat Dor**
25 Taylor Street, Apt. 41
Stamford, CT 06902
203-818-3832
francessesenat3@gmail.com
Plaintiff, Pro Se